# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

MARIA REID and GLENROY REID,

 Appellants,

v.    Case No.: PWG-19-752

MERRILL COHEN,

 Appellee.

## MEMORANDUM OPINION AND ORDER

Maria Reid and Glenroy Reid (the "Reids") are debtors in a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Maryland. Bankr. Case No. 18-21383 LSS.[1] The Reids filed this appeal from an order denying their motion to convert their case to a Chapter 13 proceeding. Notice of Appeal 1-2, ECF No. 1. Merrill Cohen, Chapter 7 Trustee (the "trustee") for the estate of the Reids, filed a motion to dismiss the appeal (and an accompanying memorandum) arguing that because the Reids failed to timely designate items from the bankruptcy record, and failed to timely file an appeal brief, Rule 404 of the Local Rules of the District Court for the District of Maryland authorize the dismissal. Mot. to Dismiss Appeal 1, ECF No. 9; Appellee's Mem., ECF No. 9-1. I agree and I conclude that it is appropriate to exercise my discretion in dismissing the present appeal. Accordingly, the trustee's motion is GRANTED, and the Reids' appeal is DISMISSED.

## Factual Background

---

[1] All citations are to the case before this Court, unless indicated otherwise.

In March 2008, the Reids borrowed $628,450.00 to purchase a home and executed a mortgage in connection therewith. Mem. Op. 1-2, ECF No. 9-2. The Reids currently owe over $900,000.00 in connection with that mortgage. In 2018, the Reids filed a Chapter 13 voluntary petition and a month later, filed a notice of voluntary conversion to Chapter 7. *Id.*

Early last year, the Reids filed a motion to convert their Chapter 7 bankruptcy back into a Chapter 13 bankruptcy. The Bankruptcy Court then held a hearing on the motion spanning two days. Ultimately, Judge Simpson denied the motion and wrote a memorandum opinion explaining her reasoning. Mem. Op. 1-2. The Bankruptcy Court determined that it had the discretion to allow the Reids to convert their bankruptcy to a Chapter 13, and it was their burden to establish "(1) eligibility to be Chapter 13 debtors; (2) feasibility of reorganization; and (3) good faith." *Id.* at 6.

The Bankruptcy Court found that the Reids were not eligible to be Chapter 13 debtors. To be eligible, a debtor cannot have unsecured debt exceeding $394,725.00. 11 U.S.C. § 109(e). Because the court found that the unsecured portion of the Reids' mortgage totaled $396,113.92, they were ineligible for conversion. Mem. Op. at 6.

The Bankruptcy Court also found that reorganization in Chapter 13 was not feasible because under the proposed plan, the Reids would have to make monthly payments of $10,500.00 for 36 months to cure the pre-petition arrearages. *Id.* at 7. The court found that the Reids' monthly surplus of $2,169.00 could not support this monthly payment along with the monthly mortgage payment of $5,000.00. *Id.*

Lastly, the Bankruptcy Court found that the Reids were not seeking conversion in good faith. The court found that the testimony of the Reids was internally inconsistent and that they

lacked candor with the court. *Id.* at 8. The court was sympathetic to the Reids' situation, but found that they were not seeking conversion in good faith because they:

> are unable or unwilling to face reality and grasp the magnitude of their financial situation. Debtors attempt to convert this case to a case under Chapter 13 is not motivated by a serious good faith willingness to reorganize. Debtors merely seek to delay the inevitable at the expense of their creditors.

*Id.* at 9.

The Reids noted their appeal on March 11, 2019 but did not file a designation of items to be included in the record until April 10, 2019, sixteen days past the deadline. Fed. R. Bankr. P. 8009 (requiring the appellant to file and serve the designation and statement within fourteen days of the appellant's notice of appeal). Additionally, the transmission of the record was docketed on March 28, 2019, but the Reids did not file an appeal brief until July 17, 2019, eighty-one days past the deadline. Fed. R. Bankr. P. 8018(a)(1) (requiring the appellant to file a brief within thirty days after the notice of transmittal of the record on appeal has been docketed).

The trustee brings this motion arguing that the appeal may be dismissed pursuant to Local Rules 404.2 and 404.3 and this Court should exercise its discretion to dismiss the bankruptcy appeal in this case pursuant to the factors set forth in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). For the reasons set forth below, I agree with the trustee and grant his motion.

**Standard of Review**

This Court acts as an appellate court for appeals from the United States Bankruptcy Court and must review the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

**Discussion**

This Court has the authority to dismiss the present bankruptcy appeal. Local Rule 404.2 provides that this Court may "dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Loc. R. 404.2 (D. Md. 2018). Additionally, Local Rule 404.3 of this Court provides that if the appellant fails to "file a brief within the time required by Bankruptcy Rule 8018, the District Court may, . . ., dismiss the appeal after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Loc. R. 404.3 (D. Md. 2018).

The Reids do not dispute that they were untimely in filing their designation for items to be included in the record and in filing their appeal brief. Opp. Mot. to Dismiss Appeal ¶¶ 1, 4, ECF No. 10. However, the Reids argue that the factors from *Serra Builders*, which this Court must consider before dismissing a bankruptcy appeal for failure to timely abide by procedural requirements, weigh in favor of denying the trustee's motion because the trustee has not been prejudiced by the delay. *Id.* ¶ 5. I disagree.

The United States Court of Appeals for the Fourth Circuit has explained the procedure that District Courts must follow when considering whether to dismiss a bankruptcy appeal for failure to adhere to any bankruptcy procedural requirement:

> The district court thus has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet the time limits for filing an appeal brief. To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). *In re SPR Corp.,* 45 F.3d 70, 74 (4th Cir.1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in *In re Serra Builders, Inc.,* 970 F.2d 1309 (4th Cir.1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether

> the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *SPR Corp.,* 45 F.3d at 74.

*In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005) (per curiam).

Furthermore, the Fourth Circuit has since reiterated that taking just one of the four steps is not sufficient and the reviewing court must evaluate all relevant factors. *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). Lastly, the Fourth Circuit has held that "giving the appellant notice and an opportunity to explain the delay, does not by itself suffice to dismiss an appeal." *Id.*

In this case, all *Serra Builders* factors weight in favor of dismissal. First, I find that the Reids are acting in bad faith. As discussed above, the Bankruptcy Court found that the Reids are not seeking conversion in good faith because they "merely seek to delay the inevitable at the expense of their creditors." Mem. Op. at 9. This factual finding was not clearly erroneous, because Judge Simpson's finding is based upon the facts that the Reids lacked candor with her and did not have a realistic goal for their bankruptcy. *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985) (describing the clearly erroneous standard as: "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though [it is] convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently"). Furthermore, the Reids have not met multiple procedural deadlines for this appeal, which leads me to believe that this appeal is also an effort to delay the inevitable. *In re Weiss*, 111 F.3d at 1173 (holding that bad faith may be inferred from an appellant's "overall behavior . . . throughout the procedure"); *Andresen v. Rosen*, 2006 WL 4550187 at *3 (D. Md. Sept. 26, 2006) (taking the appellant's delay in filing the appellate brief as bad faith because it was "in his interest to keep the appeal stalled").

Second, the Reids have not offered a compelling reason for the delay in either the filing of their designation of the record or the filing of their appellate brief. The Reids' reasoning for the delays is that Bankruptcy hearings and Maria Reid's full-time employment have kept them busy. Opp. Mot. to Dismiss Appeal ¶¶ 2-4. Neither explanation is compelling. *In re Serra Builders, Inc.*, 970 F.2d at 1310-11 (holding that that the appellant's lawyer being out of town was not a compelling reason for filing its designation of the record fifteen days late).

Third, the delays have had prejudicial effect on other parties. The trustee argues that the Reids' failure to prosecute the appeal "is prejudicing the estate by delaying the Chapter 7 Trustee from administration of the estate while burdening the estate with the administrative expenses of this appeal." Appellee's Mem. ¶ 8. *Brandeen v. Liebmann*, 2017 WL 1398266 at *2 (D. Md. Apr. 19, 2017) (finding that other parties were prejudiced when delays hindered the disposition of the estate's assets). I agree.

Lastly, considering the Reids have already had an opportunity to respond to the trustee's motion to dismiss the appeal in their opposition and given the excessive delays in meeting two procedural requirements, a less severe sanction would be futile. *Andresen*, 2006 WL 4550187 at * 3 (reasoning that "[n]o alternative sanction can fairly address [appellant's] omissions" because he had already given an explanation for his delays, which was unsatisfactory).

**Conclusion**

For the reasons stated above, the *Serra Builders* factors all weigh in favor of dismissal. Although dismissal is a "harsh sanction which the district court must not impose lightly," the Reids have failed to timely meet the procedural requirements of appealing their motion to convert, have done so in bad faith, and have failed to give a compelling explanation for doing so. *In re Serra Builders, Inc.*, 970 F.2d at 1311.

# **ORDER**

Accordingly, on this twenty fourth day of February, by the United States District Court for the District of Maryland, hereby ORDERED that the Appellee's Motion to Dismiss Appeal, ECF No. 9, IS GRANTED. The clerk SHALL CLOSE this case and SHALL MAIL a copy of this Memorandum Opinion and Order to Appellant. This case is remanded to the United States Bankruptcy Court for the District of Maryland for proceedings consistent with this opinion.

                                                  /S/
                                    Paul W. Grimm
                                    United States District Judge